UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PATCH OF LAND LENDING, LLC, a Delaware limited liability company<br><br>      Plaintiff<br><br>vs.<br><br>US ASSOCIATES, LLC, a South Carolina limited liability company; MARK S. McADAMS, aka MARK McADAMS, aka M. STEVEN McADAMS, aka STEVEN McADAMS, aka MARK STEVEN McADAMS; ANGIE JONES, in her official capacity as TREASURER OF HORRY COUNTY, SOUTH CAROLINA; VIRGINIA H. GODWIN; "JOHN DOE", "JANE DOE" and "DOE CORP." of 1020 CREEL STREET, UNIT C, CONWAY, SOUTH CAROLINA 29527; "JOHN DOE", "JANE DOE" and "DOE CORP." of 1020 CREEL STREET, UNIT E, CONWAY, SOUTH CAROLINA 29527; "JOHN DOE", "JANE DOE" and "DOE CORP." of 1020 CREEL STREET, UNIT G, CONWAY, SOUTH CAROLINA 29527; "JOHN DOE", "JANE DOE" and "DOE CORP." of 1020 CREEL STREET, UNIT H, CONWAY, SOUTH CAROLINA 29527; "JOHN DOE", "JANE DOE" and "DOE CORP." of 1020 CREEL STREET, UNIT I, CONWAY, SOUTH CAROLINA 29527; and "JOHN DOE", "JANE DOE" and "DOE CORP." of 1020 CREEL STREET, UNIT M, CONWAY, SOUTH CAROLINA 29527<br><br>      Defendants | CIVIL CASE NO.:<br>4:17-CV-02598-RBH<br><br><br>THE HONORABLE<br>UNITED STATES DISTRICT JUDGE<br>R. BRYAN HARWELL |

**JUDGMENT ENTRY AND DECREE OF MORTGAGE FORECLOSURE AND SALE**

**1020 Creel Street, Units C, E, G, I and M, Conway, South Carolina 29527**
**(TMS 136-08-35-008 / PIN 368-08-01-0097)**

**1020 Creel Street, Unit H, Conway, South Carolina 29527**
**(TMS 136-08-35-021 / PIN 368-08-01-0096)**

The matter is before this Honorable Court upon the Motions of the Plaintiff, Patch of Land Lending, LLC, a Delaware limited liability company ("POL Lending"), for Judgment by default against Defendants,

(1) Mark S. McAdams, aka Mark McAdams, aka M. Steven McAdams, aka Steven McAdams, aka Mark Steven McAdams ("McAdams") (ECF Doc. 27); and

(2) US Associates, LLC, a South Carolina limited liability company ("US Associates") (ECF Doc. 28); and

(3) Virginia H. Godwin ("Godwin"), "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit C, Conway, South Carolina 29527 ("Tenants of 1020 Creel Street-Unit C"), "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit E, Conway, South Carolina 29527 ("Tenants of 1020 Creel Street-Unit E"), "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit G, Conway, South Carolina 29527 ("Tenants of 1020 Creel Street-Unit G"), "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit H, Conway, South Carolina 29527 ("Tenants of 1020 Creel Street-Unit H"), "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit I, Conway, South Carolina 29527 ("Tenants of 1020 Creel Street-Unit I"), and "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit M, Conway, South Carolina 29527 ("Tenants of 1020 Creel Street-Unit M") (ECF Doc. 29),

All pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the Declaration of Jonathan M. Milling as to Plaintiff's attorneys' fees and costs (ECF Doc. 30), the Declaration of Jonathan M. Milling as to the liens upon the subject Property (ECF Doc. 31), the Declaration of Michael J. Palumbo as to Plaintiff's attorneys' fees and costs (ECF Doc. 32), the evidence and record.

This Court decides these Motions without hearing as permitted by Local Civil Rule 7.08 DSC.

This Court holds that the Plaintiff, POL Lending, is entitled to judgment by default against Defendants, (1) US Associates, (2) McAdams, (3) Godwin, (4) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit C, Conway, South Carolina 29527, (5) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit E, Conway, South Carolina 29527, (6) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit G, Conway, South Carolina 29527, (7) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit H, Conway, South Carolina 29527, (8) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit I, Conway, South Carolina 29527, and (9) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit M, Conway, South Carolina 29527, based upon the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Plaintiff, POL Lending, is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in the State of California.

2. Defendant, US Associates, is a limited liability company organized under the laws of the State of South Carolina with its principal place of business located in the State of South Carolina.

3. Defendant, McAdams, is a citizen and resident of the State of South Carolina.

4. Jurisdiction exists in the judicial district comprising the District of South Carolina pursuant to 28 U.S.C. § 1332(a) as there is complete diversity between all known parties and the matter in controversy exceeds the amount of $75,000.00 exclusive of interest and costs.

5. Venue is proper in the judicial district comprising the District of South Carolina pursuant to 28 U.S.C. § 1391(b)(2) as (a) a substantial portion of events giving rise to the claims

of the Plaintiff, POL Lending, occurred within Horry County, South Carolina, and (b) the hereinafter-described Property is situated within Horry County, South Carolina.

6. On June 30, 2016, Defendant, US Associates, executed a certain commercial promissory note secured by deed of trust (as amended and modified from time to time, the "Note") dated June 30, 2016 in favor of the Plaintiff, POL Lending, in the original principal amount of $559,500.00, together with interest on the unpaid principal balance of the Note. Said Defendant delivered possession of the original Note to the Plaintiff. (ECF Doc. 23 at ¶ 7.)

7. On June 30, 2016, in order to secure repayment of the Note, Defendant, McAdams, executed a certain guaranty (as amended and modified from time to time, the "Guaranty") dated June 30, 2016 in favor of the Plaintiff, POL Lending. Said Defendant delivered possession of the original Guaranty to the Plaintiff. (ECF Doc. 23 at ¶ 8.)

8. On June 30, 2016, in order to further secure repayment of the Note, Defendant, US Associates, executed a certain commercial mortgage, assignment of leases and rents, security agreement and fixture financing statement (as amended and modified from time to time, the "Mortgage") dated June 30, 2016 in favor of the Plaintiff, POL Lending. Said Defendant delivered possession of the original Mortgage to the Plaintiff. (ECF Doc. 23 at ¶ 9.)

9. In the Mortgage, Defendant, US Associates, granted, mortgaged, and conveyed to the Plaintiff, POL Lending, and Plaintiff's successors and assigns, with mortgage covenants, all of said Defendant's right, title, and interest in and to two (2) parcels of real property more commonly known as 1020 Creel Street, Units C, E, G, I, J and M, Conway, South Carolina 29527 (TMS 136-08-35-008 / PIN 368-08-01-0097) and 1020 Creel Street, Unit H, Conway, South Carolina 29527 (TMS 136-08-35-021 / PIN 368-08-01-0096) (collectively, the "Property" or "Premises") and more fully described as follows:

> All and singular, all that certain piece, parcel or lot of land situate, lying and being in Conway Township, Horry County, South Carolina as shown as Phase (Lot) 2, containing 6,778 square feet, Phase (Lot) 3 containing 8,310 square feet, Phase (Lot) 5 containing 6,610 square feet and Phase (Lot) 7 containing 8,676 square feet as shown on that certain Map made for McCray Development, LLC by Terry M. Watson dated February 6, 1998 and recorded on March 6, 1998 in the Office of the Register of Deeds for Horry County in Plat Book 153, at Page 260.
>
> Also included is a right-of-way easement over and across for ingress and egress shown on that certain Plat as recorded in the Office of the Register of Dees for Horry County in Plat Book 153 at Page 260.
>
> Address: 1020 Creel Street, Units C, E, G, I, J and M, Conway, SC 29527
> TMS: 136-08-35-008
> PIN: 368-08-01-0097
>
> -and-
>
> All and singular, all that certain piece, parcel or lot of land and all improvements thereon situate, lying and being in Conway Township, Horry County, South Carolina and being more particularly, designated as Phase 4 of McCray Court, on that certain Map of Survey for McCray Development, LLC, by Terry Watson, R.L.S. No. 7168, dated February 6, 1998 and recorded on March 6, 1998 in the Office of the Register of Deeds for Horry County in Plat Book 153 at Page 260, reference to which is craved forming a part of these presents.
>
> Address: 1020 Creel Street, Unit H, Conway, SC 29527
> TMS: 136-08-35-021
> PIN: 368-08-01-0096

(ECF Doc. 23 at ¶¶ 9 and 11.)

10. The Plaintiff, POL Lending, perfected the Mortgage by filing the Mortgage for record and recording the Mortgage in the Office of the Registrar of Deeds of Horry County, South Carolina on July 14, 2016 as Instrument #2016000078307 (Official Records Mortgage Book 5788 at Page 2066). (ECF Doc. 23 at ¶ 10.)

11. Defendant, US Associates, is the current legal owner of the Property by virtue of a certain title to real estate dated June 30, 2016 and recorded on July 1, 2016 in the Office of the

5

Registrar of Deeds of Horry County, South Carolina as Instrument #2016000078306. (ECF Doc. 1 at ¶ 22.)

12. According to the terms of the Note, Defendant, US Associates, agreed to repay the Plaintiff, POL Lending, by making interest-only installments payments, commencing on August 1, 2016 and continuing in consecutive monthly installments thereafter, with a balloon payment due on or before the maturity date of June 29, 2018. (ECF Doc. 23 at ¶ 15.)

13. According to the terms of the Guaranty, Defendant, McAdams, agreed that Defendant guaranteed the repayment of the Note and all interest thereon. (ECF Doc. 23 at ¶ 16.)

14. According to the terms of the Note, Defendant, US Associates, agreed that Defendant's failure to pay any installment or other sum due under the Note when due and payable (whether by extension, acceleration, or otherwise) would constitute an event of default. (ECF Doc. 23 at ¶ 15.)

15. According to the terms of the Guaranty, Defendant, McAdams, agreed that Defendant's failure to pay any installment or other sum due under the Note when due and payable (whether by extension, acceleration, or otherwise) would constitute an event of default. (ECF Doc. 23 at ¶ 16.)

16. According to the terms of the Note and Guaranty, Defendant, US Associates and McAdams, agreed to pay the Plaintiff, POL Lending, for costs, expenses, and attorneys' fees paid or incurred by the Plaintiff or adjudged by a court. (ECF Doc. 23 at ¶¶ 15-16.)

17. Defendants, US Associates and McAdams, failed to pay the required installments or other sums due under the Note when due and payable. Specifically, Defendants failed to pay the interest-only installments due on April 1, 2017, May 1, 2017, June 1, 2017 and July 1, 2017, respectively (individually and collectively, the "Note Default"). (ECF Doc. 23 at ¶ 18.)

18. The Note Default constitutes an event of default under the terms of the Note, the Guaranty and the Mortgage. (ECF Doc. 23 at ¶ 19.)

19. On May 18, 2017, the Plaintiff, POL Lending, mailed a written notice of default to Defendants, US Associates and McAdams. The written notice notified Defendants of the Note Default and provided Defendants with a cure period of ten (10) days. Defendants failed to cure the Note Default. (ECF Doc. 23 at ¶¶ 20-21.)

20. According to the Affidavit of the Plaintiff, POL Lending (ECF Doc. 23), Defendants, US Associates and McAdams, jointly and severally, owe the total sum of $680,902.91 [unpaid principal in the sum of $559,500.00, plus accrued and unpaid interest in the sum of $117,743.67, accumulated late charges in the sum of $797.29, unpaid charges in the sum of $2,746.95, and other fees in the sum of $115.00, all as of January 30, 2018], plus interest at the per diem rate of $373.66 from January 31, 2018 and thereafter, and all other amounts recoverable under the Note, the Guaranty, and the Mortgage. (ECF Doc. 23 at ¶¶ 23-24.)

21. According to the Declarations of Jonathan M. Milling and Michael J. Palumbo, Defendants, US Associates and McAdams, jointly and severally, owe the Plaintiff, POL Lending, the total sum of $16,799.79 in collection expenses, which is comprised of $12,461.25 in attorneys' fees and $4,338.54 in costs through March 31, 2018. (ECF Docs. 30 and 32.)

22. This Court has jurisdiction over the Parties and the subject matter of this lawsuit.

23. All of the material allegations in the Complaint are true and proven, and the equities of this case are with the Plaintiff, POL Lending.

24. The following named Defendants were personally served with the Summons and Complaint as follows:

| Date | Defendant | Type of Service |
|---|---|---|
| 09/30/17 | US Associates | Personal Authorized Person |
| 09/30/17 | McAdams | Personal |
| 10/04/17 | Godwin | Personal |
| 10/04/17 | Angie Jones, in her official capacity as Treasurer of Horry County, South Carolina ("Treasurer") | Personal Authorized Person |
| 10/04/17 | "Tenants of 1020 Creel Street-Unit C" | Personal |
| 10/04/17 | "Tenants of 1020 Creel Street-Unit E" | Personal |
| 10/04/17 | "Tenants of 1020 Creel Street-Unit G" | Personal |
| 10/04/17 | "Tenants of 1020 Creel Street-Unit H" | Personal |
| 10/04/17 | "Tenants of 1020 Creel Street-Unit I" | Personal |
| 10/04/17 | "Tenants of 1020 Creel Street-Unit M" | Personal |

(ECF Docs. 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.)

25. Defendants, US Associates, McAdams, Godwin, Tenants of 1020 Creel Street-Unit C, Tenants of 1020 Creel Street-Unit E, Tenants of 1020 Creel Street-Unit G, Tenants of 1020 Creel Street-Unit H, Tenants of 1020 Creel Street-Unit I, and Tenants of 1020 Creel Street-Unit M, failed to move, plead, or otherwise respond to the Complaint. (ECF Docs. 17, 19, 20 and 24.)

26. On November 9, 2017, this Court entered default against Defendant, Godwin, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Doc. 18.)

27. On January 29, 2018, this Court entered default against Defendants, US Associates and McAdams, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Doc. 21.)

28. On March 27, 2018, this Court entered default against Defendants, Tenants of 1020 Creel Street-Unit C, Tenants of 1020 Creel Street-Unit E, Tenants of 1020 Creel Street-Unit G, Tenants of 1020 Creel Street-Unit H, Tenants of 1020 Creel Street-Unit I, and Tenants of 1020 Creel Street-Unit M, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Doc. 25.)

LEGAL STANDARD

29. "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right. *Paddock Indus. v. Paddock Pool Constr. Co*., Case No. 0:15-cv-03292-JFA, 2015 U.S. Dist. LEXIS 153074, at *7 (D.S.C. Nov. 12, 2015).

30. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "The defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established…" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Thereafter, the court must determine whether the well-pleaded allegations in the complaint support the relief sought in the action. *Id*.

31. "[W]hile a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Paddock Indus.*, 2015 U.S. Dist. LEXIS 153074, at *7-8 (*citing Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d 230, 234 (2d Cir. 2012)). "Plaintiff must provide an evidentiary basis for the damages

9

sought." *Id.* "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.*

## CONCLUSIONS OF LAW

32. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a).

33. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as (a) a substantial portion of events giving rise to the claims of the Plaintiff, POL Lending, occurred within Horry County, South Carolina, and (b) the Property is situated within Horry County, South Carolina.

34. This case was appropriately filed in the Florence Division of this District as the Property is situated within this Division.

35. The Plaintiff, POL Lending, is the holder of the Note and entitled to enforcement under S.C. Code Ann. § 36-3-301 ("'Person entitled to enforce' an instrument means (i) the holder of the instrument…") and § 36-3-201(21) ("'Holder' means: (A) the person in possession of a negotiable instrument that is payable either to bearer or an identified person that is the person in possession…")

36. The Plaintiff, POL Lending, is the holder of the Mortgage and entitled to enforcement. *See Union Nat'l Bank v. Cook*, 96 S.E. 484, 489 (S.C. 1918) ("The note is the principal and the mortgage is the incident and follows the note in its delivery from one person to another.")

37. The Mortgage evidences and secures the repayment of all money advanced by the Plaintiff, POL Lending, to Defendant, US Associates.

38. The Note Default constitutes a breach of the terms of the Note, the Guaranty, and the Mortgage.

39. Plaintiff's collection expenses, including reasonable attorneys' fees in the sum of $12,461.25 and costs in the sum of $4,338.54, all as of March 31, 2018, are reasonable, and this Court awards the same to the Plaintiff, POL Lending. "There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained." *Blumberg v. Nealco*, 427 S.E.2d 659, 660 (S.C. 1993). The Court finds that the attorneys' fees incurred by the Plaintiff are reasonable in relation to the services performed in this action. The fees are likewise reasonable based on the time that Plaintiff's counsel necessarily devoted to the representation of the Plaintiff during the course of this action. The services of Plaintiff's counsel performed for Plaintiff, which include the number and types of pleadings and documents prepared, the incumbent liabilities, and the difficulties involved in this particular case support the fees awarded. The fees awarded are reasonable given the professional standing of Plaintiff's counsel and their experience in handling foreclosure matters. The fees are also reasonable in light of the fees customarily awarded by this Court for similar services in this locality. Finally, the efforts of Plaintiff's counsel have had the beneficial result of a successful foreclosure of the Mortgage, which further justifies the fee award.

40. "No sale under or by virtue of any mortgage or other instrument in writing intended as security for a debt, conferring a power upon the mortgagee or creditor to sell the mortgaged or pledged property while such power remains of force or has not been revoked by

the death of the person executing such mortgage or instrument, shall be valid to pass the title of the land mortgaged unless the debt for which the security is given shall be first established by the judgment of some court of competent jurisdiction…" S.C. Code Ann. § 29-3-630.

41. After including Plaintiff's collection expenses, including Plaintiff's reasonable attorneys' fees and costs, the Plaintiff, POL Lending, is entitled to a judgment of foreclosure in the amount of $697,770.27, plus (a) interest at the per diem rate of $373.66 from January 31, 2018 and thereafter and (b) any additional collection expenses incurred by the Plaintiff and approved by this Court, until fully repaid.

42. To satisfy the judgment, the Property shall be sold by the hereinafter-described Sales Officer at a public judicial sale at the Horry County Court House after due notice and advertisement. 28 U.S.C. § 2001(a) ("Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.") 28 USCS § 2002 ("A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.").

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED:

A. Upon Count One of the Complaint, Judgment shall be entered in favor of the Plaintiff, Patch of Land Lending, LLC, and against Defendant, US Associates, LLC, in the total sum of $697,770.27 [unpaid principal in the sum of $559,500.00, plus accrued and unpaid interest in the sum of $117,743.67, accumulated late charges in the sum of $797.29, unpaid charges in the sum of $2,746.95, and other fees in the sum of $115.00, all as of January 30, 2018, and

Plaintiff's collection expenses, including Plaintiff's reasonable attorneys' fees and costs in the sum of $16,799.79 through March 31, 2018], plus (i) interest at the per diem rate of $373.66 from January 31, 2018 and thereafter, (ii) any additional collection expenses incurred by the Plaintiff and approved by this Court, and (iii) and all other amounts recoverable under the Note.

B.  Upon Count Two of the Complaint, Judgment shall be entered in favor of the Plaintiff, Patch of Land Lending, LLC, and against Defendant, Mark McAdams, in the total sum of $697,770.27 [unpaid principal in the sum of $559,500.00, plus accrued and unpaid interest in the sum of $117,743.67, accumulated late charges in the sum of $797.29, unpaid charges in the sum of $2,746.95, and other fees in the sum of $115.00, all as of January 30, 2018, and Plaintiff's collection expenses, including Plaintiff's reasonable attorneys' fees and costs in the sum of $16,799.79 through March 31, 2018], plus (i) interest at the per diem rate of $373.66 from January 31, 2018 and thereafter, (ii) any additional collection expenses incurred by the Plaintiff and approved by this Court, and (iii) and all other amounts recoverable under the Guaranty.

C.  Upon Count Three of the Complaint, Judgment in mortgage foreclosure shall be entered in favor of the Plaintiff, Patch of Land Lending, LLC, and against Defendant, US Associates, LLC. Accordingly, the Mortgage shall be foreclosed and the Property sold at foreclosure sale pursuant to 28 U.S.C. § 2001, *et seq*. and state law. The amount due under the Mortgage shall be fixed at $697,770.27, plus (i) interest at the per diem rate of $373.66 from January 31, 2018 and thereafter, (ii) any additional collection expenses incurred by the Plaintiff and approved by this Court, and (iii) and all other amounts recoverable under the Note.

D.  Upon Count Three of the Complaint, Judgment in mortgage foreclosure shall be entered in favor of the Plaintiff, Patch of Land Lending, LLC, and against Defendant, Virginia H. Godwin. Defendant shall (1) have no right, title, or interest in the Property, and (2) not be permitted to receive any distribution of sale proceeds under the order of confirmation of sale. Defendant's lien against the Property shall be extinguished and released of record upon entry of the order of confirmation of sale.

E.  Upon Count Three of the Complaint, Judgment in mortgage foreclosure shall be entered in favor of the Plaintiff, Patch of Land Lending, LLC, and against Defendants, (1) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit C, Conway, South Carolina 29527, (2) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit E, Conway, South Carolina 29527, (3) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit G, Conway, South Carolina 29527, (4) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit H, Conway, South Carolina 29527, (5) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit I, Conway, South Carolina 29527, and (6) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit M, Conway, South Carolina 29527. Defendants shall (1) have no right, title, or interest in the

Property, and (2) not be permitted to receive any distribution of sale proceeds under the order of confirmation of sale. Any lien of Defendants against the Property shall be extinguished and released of record upon entry of the order of confirmation of sale.

F. The Property shall be sold according to the following procedures:

1. The United States Marshal (or his designee) or a duly authorized officer designated by this Court (the "<u>Sales Officer</u>") shall sell the Property for cash to the highest bidder at a public judicial sale pursuant to 28 U.S.C. § 2001, *et seq*.

2. The Sales Officer shall give notice of sale pursuant to 28 U.S.C. § 2002 once a week for four (4) consecutive weeks prior to the sale in one (1) newspaper regularly issued and of general circulation in the County and Judicial District where the Property is situated. To reduce the costs and expenses of the sale, the Plaintiff, Patch of Land Lending, LLC, may advertise a short description of the Property rather than a complete legal description.

3. The notice of public sale shall include all information required pursuant to 735 ILCS 5/15-1507(c)(1), but an immaterial error in the information shall not invalidate the legal effect of the notice.

4. Counsel for the Plaintiff, Patch of Land Lending, LLC, shall also give notice of sale to all Parties appearing in this action and not heretofore being found in default. Such notice shall be given in the manner prescribed in the Local Rules for service of papers other than process and complaint and be issued not more than forty-five (45) days, but not less than seven (7) days, prior to the sale. After Plaintiff's counsel gives notice of sale, Plaintiff's counsel shall file the notice with the Clerk of Court together with a certificate of counsel or other proof that notice has been served.

5. The Sales Officer shall be authorized to adjourn or continue the public sale subject to the notice and advertisement requirements of 28 U.S.C. § 2002.

6. Bidding at public sale shall be made without conditions and contingencies of any kind. The Property shall be sold "as is" and "where is", with all faults and with no representations or warranties of any kind.

7. The successful bidder at public sale shall deposit the sum of ten percent (10.000%) of the successful bid with the Sales Officer immediately upon the Property being struck down to the bidder. The deposit shall be tendered in cash, cashier's check, or other certified funds. The balance of the successful bid shall be paid within ten (10) days after the date of public

sale, without demand for the same being made by the Sales Officer.

8. In the event the successful bidder fails to comply with the terms of public sale as required, then upon demand by the Patch of Land Lending, LLC, in a notice served upon the Sales Officer and successful bidder, the funds submitted by the successful bidder to the Sales Officer shall be forfeited to the Plaintiff, or, in the alternative, the Plaintiff may have the Property sold to the next highest bidder. In the event there is a third-party bidder other than the Plaintiff, the Sales Officer shall obtain the name, address and telephone number of that bidder. Notice by United States regular mail to the address given by the successful bidder and to the Sales Officer conducting the public sale shall be deemed to be sufficient notice by the Plaintiff to exercise its option to forfeit the funds.

9. The Plaintiff, Patch of Land Lending, LLC, may bid at public sale. If the Plaintiff is the highest bidder, then the amounts due to the Plaintiff, plus all costs, advances and fees, together with interest incurred between the entry of this Judgment and confirmation of sale, shall be credited against Plaintiff's bid.

10. Upon the conclusion of public sale, the Sales Officer shall give the successful bidder a receipt of sale. The receipt shall describe the Property purchased and show the amount bid, the amount paid, the total amount paid to date and the amount still to be paid. An additional receipt shall be given at the time of each subsequent payment.

11. Upon payment in full of the successful bid, the Sales Officer shall issue, in duplicate, and give to the successful bidder a certificate of sale. The certificate of sale shall be in a recordable form, describe the Property purchased, indicate the date and place of sale and show the amount paid. The certificate of sale shall further indicate that it is subject to confirmation by the court. The certificate shall be freely assignable by endorsement thereon.

12. The successful bidder shall take the Property subject to and pay all taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges, and liens against the Property which are not divested by the sale.

13. The successful bidder shall pay all Federal, State, and local transfer taxes and stamps as well as any commission on sale or deposit required by the Sales Officer.

14. If the Plaintiff, Patch of Land Lending, LLC, is not the successful bidder at public sale, then then Plaintiff shall automatically be registered as the second highest bidder at the Judgment amount and may proceed to make

settlement with the Sales Officer in the event of default by the highest bidder.

    15. The Plaintiff, Patch of Land Lending, LLC, or Plaintiff's nominee, designee, or authorized agent, shall be granted a right of entry to the Property at reasonable times for purposes of pre-sale inspection with the right to inspect the Property, books, records and accounts, and all other items, things and information necessary for the inspection, advertisement and sale of the Property.

    16. The Plaintiff, Patch of Land Lending, LLC, shall file a motion for confirmation of sale within thirty (30) days after the date of sale.

G. Once the Sales Officer has struck down the Property to the successful bidder, neither Defendant, US Associates, LLC, nor any person or entity claiming under said Defendant shall have the right of redemption in the Property.

H. The Sales Officer shall hold the sale proceeds, less any costs and expenses of sale, pending distribution pursuant to confirmation of sale and any further Order(s) of this Court.

I. The Clerk of Court shall deliver a true and certified copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale to the Sales Officer.

J. Upon the request of the Plaintiff, Patch of Land Lending, LLC, Defendant, Angie Jones, in her official capacity as Treasurer of Horry County, South Carolina, shall be and is hereby dismissed, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

K. Counsel for the Plaintiff, Patch of Land Lending, LLC, shall serve a true and accurate copy of this Judgment Entry upon Defendants, (i) US Associates, LLC, (ii) Mark S. McAdams, (iii) Angie Jones, in her official capacity as Treasurer of Horry County, South Carolina, (iv) Virginia H. Godwin, (v) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit C, Conway, South Carolina 29527, (vi) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit E, Conway, South Carolina 29527, (vii) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit G, Conway, South Carolina 29527, (viii) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit H, Conway, South Carolina 29527, (ix) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit I, Conway, South Carolina 29527, and (x) "John Doe", "Jane Doe" and "Doe Corp." of 1020 Creel Street, Unit M, Conway, South Carolina 29527, by United States certified mail, return receipt requested, and United States regular mail, postage prepaid.

L. This Court shall retain jurisdiction over this case for the granting of such further Order(s), decrees, and relief as circumstances may require or deemed appropriate

and proper, including, without limitation, the (i) issuance of a Writ of Assistance and/or (ii) disposition of any surplus funds consistence with Rule 71(c) of the South Carolina Rules of Civil Procedure if this action was venued in state court.

M.  This Judgment Entry is certified and entered by the Court, and there is no just reason for delay pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

June 14, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge